## Cleveland, Cincinnati, Chicago & St. Louis Railway Company v. Patrick Maguire.

. Evidence—*offers of compromise incompetent.* It is error to permit the introduction in evidence of attempts at compromise made by one of the parties to the litigation.

Action in case. Appeal from the City Court of Alton; the Hon. James E. Dunnegan, Judge, presiding. Heard in this court at the

February term, 1907.   Reversed and remanded.   Opinion filed September 13, 1907.

JOHN F. McGINNIS and G. F. McNULTY, for appellant.

B. J. O'NEILL, for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in case, in the City Court of the city of Alton, by appellee against appellant, to recover damages for injury to appellee's team of horses, sustained by collision with appellant's engine, while appellee's team was being driven across a public street. Trial by jury. Verdict and judgment in favor of appellee for $100.

The evidence was directly contradictory and conflicting as to the questions of due care and diligence on the part of the driver of appellee's team, and as to negligence on the part of the servants of appellant in charge of its engine.

During the progress of the trial the court permitted appellee to testify in detail to a conversation with appellant's claim agent and to state propositions made *pro* and *con* in an attempt to settle, and to speak of certain writings that passed between the claim agent and appellee with respect to an attempted settlement. All this was timely and specifically objected to, and the ruling of the court admitting it was duly excepted to.

The case was an exceedingly close one on its merits. The trial court erred in admitting the evidence above referred to, and it was of a kind highly prejudicial to appellant. It was well calculated to mislead and prejudice the jury, and we think probably did move them to return the verdict they did return. We find no other material error in this record.

For the error above noted and discussed, the judgment of the City Court of the city of Alton is reversed and the cause remanded.

*Reversed and remanded.*